## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MIGUEL ALBERTO ANAYA GALLEGOS,

     Petitioner,

v.

                                  No. 1:26-cv-00595-MLG-SCY

MARKWAYNE MULLIN,[1] in his official capacity
as Secretary of the U.S. Department of Homeland
Security, et al.,

     Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO CONDUCT A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a)**

This matter is before the Court on Petitioner Miguel Alberto Anaya Gallegos's Original Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Request for Declaratory and Injunctive Relief ("Petition") filed February 26, 2026. Doc. 1. Anaya Gallegos, a Mexican citizen, is detained at the Torrence County Detention Center in Estancia, New Mexico. Doc. 1 at 1 ¶ 1. He challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him or conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* at 10. Anaya Gallegos seeks an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). *Id.* On March 9, 2026, Respondents filed a Response to the Petition. Doc. 6.

Whether Anaya Gallegos is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), or whether he is instead subject to the mandatory detention provision provided by 8 U.S.C.

---

[1] Secretary Mullin is automatically substituted for his predecessor under Federal Rule of Civil Procedure 25(d).

§ 1225(b)(2)(A),[2] is a question the Court has already addressed in regard to similarly situated petitioners. *See, e.g.*, *Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025); *Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025); *Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that § 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[3] like Manon Esquivel, who has resided in the United States since 1997. Doc. 3 at 4 ¶ 15; *see, e.g.*, *Bethancourt Soto v. Soto*, 807 F.Supp.3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

---

[2] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[3] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

Respondents assert that Anaya Gallegos is subject to mandatory detention under § 1225(b)(2)(A) because of the plain language of the statute. Doc. 6 at 2. Respondents "incorporate by reference, the legal arguments they presented in *Cortez-Gonzales v. Noem*," 811 F. Supp. 3d 1287. *Id.* Yet, Respondents agree the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for the purposes of the Court's decision on the legal issue of which statutory provisions govern Petitioner's detention." *Id.* Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). *Id.* n. 2. This is not binding authority, and, respectfully, the Court does not find the majority opinion persuasive.

The Court therefore concludes § 1226(a) governs Anaya Gallego's detention. Respondents' reliance on § 1225(b)(2)(A) to detain Anaya Gallegos without a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.")..

3

Accordingly, the Court hereby grants Anya Gallego's request for a bond hearing. Respondents are ordered to provide Anaya Gallegos with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within seven days[4] of this Order's filing. At the bond hearing, federal Respondents must justify Anaya Gallego's continued detention by clear and convincing evidence. [5] If Respondents fail to meet this evidentiary burden, Anaya Gallegos should be released on appropriate conditions. Respondents are further ordered to file a status report within ten days of this Order's filing to certify their compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial.

---

[4] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

[5] Several years ago, the United States Supreme Court declined to decide whether the Due Process Clause of the Fifth Amendment to the United States Constitution requires that noncitizens being detained pursuant to § 1225 and § 1226 receive periodic bond hearings "at which the Government proves by clear and convincing evidence that . . . detention remains justified." *Jennings v. Rodriguez*, 583 U.S. 281, 291, 312-14 (2018). "Since *Jennings*, a number of district courts have taken up the question left open by the Supreme Court, and there has emerged a consensus view that where, as here, the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018). The Court agrees that "given the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Id.* Thus, "in accordance with the overwhelming majority of courts to have decided the issue," the Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436. Anaya Gallegos's strong private interest in being free from detention, the small risk of erroneous deprivation by shifting the burden to Respondents, and the minimal burden for Respondents to have the burden of proof balance in favor of shifting the burden of proof to Respondents. *See Lopez-Romero v. Lyons*, No. 2:25-cv-01113-MIS-JHR, 2026 WL 92873, at **6–7 (D.N.M. Jan. 13, 2026) (finding the factors set forth in *Matthews v. Eldridge,* 424 U.S. 319, 335 (1976) balance in favor of shifting the burden to the government to demonstrate by clear and convincing evidence that the petitioner does not pose a flight risk or danger to the community during a § 1226 bond hearing).

If Anaya Gallegos does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

Anaya Gallegos' request for attorney's fees and costs under the EAJA shall be considered. *See* 28 U.S.C. § 2412(d)(1)(A); *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). Anaya Gallegos shall "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses" in accordance with 28 U.S.C. § 2412(d)(1)(B).

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA